UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID PROFFITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02906-JPH-TAB |
| ) | |
| PATRICK JACKSON, et al. ) | |
| ) | |
| Defendants. ) | |

**ENTRY SCREENING SECOND AMENDED COMPLAINT
AND DIRECTING FURTHER PROCEEDINGS**

**I. Leave to Amend**

The pretrial schedule issued on December 2, 2019, set a deadline of February 21, 2020, for amended pleadings. Dkt. 14. I.B.  In accordance with that Order, the plaintiff was directed to file a motion for leave to amend with any proposed amended complaint explaining the difference between the complaints. *Id.* Nonetheless, after the deadline, on March 5, 2020, the plaintiff filed an amended complaint without seeking leave. Dkt. 16. That amended complaint was not complete and was not signed. *Id*.  On March 10, 2020, the plaintiff filed another amended complaint, again without seeking leave. Rather than directing the plaintiff to file a motion for leave to amend and re-file his proposed second amended complaint, the Court, in the interest of time, will treat the second amended complaint as timely and properly filed. **The plaintiff is reminded to comply with the directions and deadlines set forth in the pretrial schedule in the future.**

Plaintiff David Proffitt is incarcerated at the Correctional Industrial Facility in Pendleton, Indiana. Because Mr. Proffitt is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his second amended complaint, dkt. 17.

1

## II. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the second amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the second amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the amended complaint:

> must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## III. Procedural History

Mr. Proffitt's original complaint, dkt. 1, alleged that Patrick Jackson and Wendy Knight retaliated against him after he complained about wages that Indiana Correctional Industries owed him. Based on these allegations, the Court identified plausible First Amendment retaliation claims against Patrick Jackson and Wendy Knight when it screened the original complaint on September 30, 2019. *See* dkt. 7. All remaining claims were dismissed. *Id.* The clerk issued process to Patrick Jackson and Wendy Knight that same day. *See* dkt. 10. Patrick Jackson and Wendy Knight have appeared in the action and answered Mr. Proffitt's original complaint. *See* dkts. 10–13.

## IV. The Second Amended Complaint

The allegations of Mr. Proffitt's second amended complaint, dkt. 17, are nearly identical to the original. The second amended complaint does not set forth any new, material allegations except

to specify Derrek McMullen as the individual who fired Mr. Proffitt from his job in the Brake Shop. *See* dkt. 17. Therefore, the action **shall continue to proceed** with First Amendment retaliation claims against Patrick Jackson (in his individual capacity), Wendy Knight (in her official and individual capacities), and Derrek McMullen (in his individual capacity), pursuant to 42 U.S.C. § 1983.  To the extent that the second amended complaint asserts additional claims, they are **dismissed** for the reasons set forth in the Court's original screening Entry, dkt. 7.

### V. Further Proceedings

The clerk **is directed** to add Derrek McMullen as an additional defendant. Counsel for Patrick Jackson and Wendy Knight **shall notify the Court by May 15, 2020** whether he will also appear for and represent Derrek McMullen.  Because Patrick Jackson and Wendy Knight have appeared in the action, they have received service of the second amended complaint (and they will receive service of this Entry) through the docket. Defendants **shall respond** to the second amended complaint in the time provided by Federal Rule of Civil Procedure 15(a)(3).

The **clerk is requested** to modify docket 17 to reflect that it is the Second Amended Complaint.

**SO ORDERED.**

Date: 5/8/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DAVID PROFFITT
117703
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov