UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID PROFFITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02906-JPH-TAB |
| ) | |
| PATRICK JACKSON, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff David Proffitt, an inmate at the Correctional Industrial Facility ("CIF") in Pendleton, Indiana, brought this 42 U.S.C. § 1983 action alleging that the defendants retaliated against him in violation of the First Amendment by firing him from his job after he complained about wages owed to him. The defendants have moved for summary judgment on Mr. Proffitt's claims arguing that they are protected under the doctrine of qualified immunity and that he can neither establish a *prima facie* case of retaliation nor rebut their non-retaliatory justification for his termination. For the reasons below, the defendants' motion for summary judgment, dkt. [26], is **GRANTED**.

**I. SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce

1

admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941−42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II. FACTS

At all times relevant to his complaint, Mr. Proffitt was incarcerated at CIF. During his time at CIF, Mr. Proffitt was employed in the brake shop and was required to follow the applicable health and safety rules, including that he "immediately report all accidents, injuries, or illnesses to his supervisor." Dkt. 26-1 at 1. On March 4, 2019, Mr. Proffitt was injured at work when he

"smashed [his] finger" while using the "de-liner" machine. Dkt. 17 at 2. The machine pushed one of its pins through the little finger on Mr. Proffitt's left hand. Dkt. 26-7 at 1-2. Mr. Proffitt did not notice any blood on his hand, and he continued working. Dkt. 17 at 2. Hours later, after his shift had ended, Mr. Proffitt noticed "what appeared to be a puncture and little bit of blood," so he sought treatment from medical staff and was told to submit a healthcare request. *Id*. Mr. Proffitt submitted the healthcare request and was seen by nursing staff on March 5. *Id*.; dkt. 26-5 at 1 (Healthcare Request Form on which Mr. Proffitt wrote, "A dirty piece of metal went through my little finger on my left hand. I may need a tetanus shot. It went all the way through my finger on [March 4]."). The nursing staff cleaned his finger, applied an antibiotic ointment, gave Mr. Proffitt a tetanus vaccine, dressed his wound, and scheduled him for a weekly change of dressing. Dkt. 26-5 at 5; dkt. 26-7 at 1. That same day, the nursing staff informed Defendant Derreck McMullen, who was the CIF Safety Hazard Manager, that they had treated Mr. Proffitt that night for an injury he sustained while working in the brake shop. Dkt. 26-1 at 2.

On March 6, Mr. McMullen asked Mr. Proffitt why he did not report the injury, and Mr. Proffitt responded that he did not think the injury was a big deal and that he has neuropathy. *Id*.; dkt. 17 at 2. Mr. McMullen then escorted Mr. Proffitt to the medical unit to confirm that his injury had been caused by the brake shop machine. Dkt. 26-1 at 2; dkt. 26-7 at 2. Medical staff examined Mr. Proffitt's wound, confirmed that the injury had been caused by the machine pin entering his finger through the nail, cleaned the wound, applied a new dressing, and ordered an X-ray to be taken. Dkt. 26-7 at 1-2.

On March 7, Mr. Proffitt received a conduct report for failing to obey the facility's rule. Dkt. 17 at 2; dkt. 26-8 at 1. That same day, Defendant Patrick Jackson, who was the CIF Foreman, recommended that Mr. Proffitt be fired from his job. Dkt. 26-1 at 2; dkt. 26-9 at 1. Mr. Proffitt was

3

fired and reclassified to idle status. Dkt. 17 at 3; dkt. 26-1 at 2.  At some point prior to his March 4 injury, Mr. Proffitt had asked Foreman Jackson about his wages. Dkt. 17 at 2.

### III. DISCUSSION

To establish a First Amendment retaliation claim, Mr. Proffitt must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity; and (3) the protected activity he engaged in was at least a motivating factor for the retaliatory action. *Archer v. Chisholm*, 870 F.3d 603, 618 (7th Cir. 2017) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). There is no dispute that job termination is a deprivation likely to deter First Amendment activity.  Defendants argue that they are entitled to summary judgment because Mr. Proffitt cannot establish either of the other two elements of his *prima facie* case. They further argue that even if he could establish a *prima facie* case, he cannot rebut their non-retaliatory justification for his termination. For the reasons below, Defendants' motion for summary judgment is granted.

#### A.  Protected Activity

In the context of prison employment, an inmate's inquiry about his pay is not constitutionally protected activity under the First Amendment because it is "a matter of 'purely individual economic importance' and not of public concern." *McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005). Although the Seventh Circuit later replaced the "public concern test" with the "penological interests test," *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009), the core principle of *McElroy* remains good law. *Id*. at 553, n.3 ("This case does not address the continuing validity of cases like *McElroy*[.]").

Here, Mr. Proffitt bases his retaliation claims solely on his inquiry about being paid, which is a matter of purely economic importance and not one of public concern. *See* dkt. 17 at 2 ("I was fired for no reason at all except retaliation for me asking for my money that [CIF] owed me in a prior work period."). Because an inmate's inquiry about his pay is not constitutionally protected activity under the First Amendment, *McElroy*, 403 F.3d at 858, Mr. Proffitt cannot make a *prima facie* case of retaliation.

### B. Motivating Factor

Mr. Proffitt's retaliation claims fail for the separate reason that he designated no evidence showing that his inquiry about his pay was at least a motivating factor for his termination. "[A] motivating factor does not amount to a but-for factor or to the only factor, but is rather a factor that motivated the defendant's actions." *Spiegla v. Hull*, 371 F.3d 928, 942 (7th Cir. 2004). Here, Mr. Proffitt argues that he was fired after asking about his pay, but he offers no evidence to support an inference that this inquiry was a factor that motivated his termination. While suspicious timing can be evidence of a causal connection, "[t]emporal proximity" on its own "is ordinarily not sufficient to establish causation." *McKinley v. Schoenbeck*, 731 F. App'x 511, 514 (7th Cir. 2018). Here, the undisputed evidence shows that Mr. Proffitt was terminated the same day he received a conduct violation. Dkt. 17 at 3. Mr. Proffitt cannot establish a *prima facie* case of retaliation. *Archer*, 870 F.3d at 618.

### C. Pretext

Even if Mr. Proffitt could establish a *prima facie* case for retaliation, his claims fail for the additional reason that he has not designated evidence rebutting the defendants' non-retaliatory reason for his termination. A defendant can rebut a plaintiff's *prima facie* showing of retaliation "by showing that his conduct was not a necessary condition of the harm—the harm would have

5

occurred anyway." *Greene v. Doruff*, 660 F.3d 975, 980 (7th Cir. 2011). "[T]he ultimate question is whether events would have transpired differently absent the retaliatory motive." *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996). Here, the defendants have proffered sufficient evidence of a non-retaliatory reason for the termination decision, namely that Mr. Proffitt was terminated from his job for failing to follow the brake shop's rules for reporting workplace injuries.

To rebut the defendants' non-retaliatory explanation and show that he is entitled to summary judgment, Mr. Proffitt "must produce evidence upon which a rational finder of fact could infer that these explanations were lies." *Massey v. Johnson*, 457 F.3d 711, 717 (7th Cir. 2006). Speculation regarding the defendants' proffered motive "cannot overcome the contrary evidence" of a benign motive. *Devbrow v. Gallegos*, 735 F.3d 584, 588 (7th Cir. 2013). Mr. Proffitt has designated no evidence showing that the defendants' explanations were pretextual. Indeed, Mr. Proffitt's verified complaint only serves to corroborate the defendants' explanation of events. *See* dkt. 17 at 2-3 (describing the conduct report and termination occurring "[t]he very next day" after the defendants' discovery of his unreported injury). Mr. Proffitt designates no evidence from which a reasonable fact-finder could infer that the defendants' proffered reason for firing him – namely, his failure to report his workplace injury to his supervisor – was a lie.  Therefore, the defendants are entitled to summary judgment. [1]  *See Massey*, 457 F.3d at 717.

### IV. CONCLUSION

For the reasons above, the defendants' motion for summary judgment, dkt. [26], is **GRANTED**. The action is **dismissed with prejudice**. Final judgment consistent with this Order and the Screening Order, dkt. 7, shall now issue.

**SO ORDERED.**

---

[1] Because the Court has ruled that the defendants are entitled to summary judgment on the merits of Mr. Proffitt's retaliation claims, the Court need not address the defendants' qualified immunity defense.

Date: 1/11/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

DAVID PROFFITT
117703
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064